(86 South. 484)

No. 23483.

### LARROUQUETTE et al. v. BROWN.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

Parties ⊜69—Suit may be brought in alternative against corporation or individual trading under that name.

Where the petition showed that plaintiff did not know whether the name of the business whose wagon injured him was the name of a corporation or the trade-name of an individual, he could bring his action against the individual or the corporation in the alternative and pray for recovery against whichever the facts should show to be liable.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit by John E. Larrouquette and others against Benjamin C. Brown, doing business as the New Orleans Ice Cream Company, or the New Orleans Ice Cream Company. From a judgment dismissing the suit on exception of no cause of action, plaintiffs appeal. Judgment set aside, exception of no cause of action overruled, and case remanded for trial.

Joseph Harris Brewer and Frederick G. Veith, both of New Orleans, for appellants.

Edward Rightor, of New Orleans, for appellee.

PROVOSTY, J. The petition in this case alleges as follows:

"(1) Benjamin C. Brown, doing business as the New Orleans Ice Cream Company, or if it should be shown that the said New Orleans Ice Cream Company has been incorporated, then and in that event the New Orleans Ice Cream Company, is justly and truly indebted to your petitioners, for the use and benefit of their minor child, Julian Larrouquette, in the sum of $10,000 for the following reasons, to wit:

"(2) That on the 17th day of October in the year 1915, at about 1:30 p. m., the said Julian Larrouquette was playing in front of the moving picture theater in Burgundy street between Clouet and Louisa streets.

"(3) That in the course of his play a toy fell into the street and he ran into the street after same.

"(4) That when he attempted to return to the sidewalk he was knocked down and run over by a motortruck owned by defendants herein and operated by an agent of said defendant. * * *"

And the prayer is:

"Wherefore petitioners pray that the said Benjamin C. Brown and the New Orleans Ice Cream Company through its proper officer be cited to appear and answer this petition, that there be trial by jury, and that, after due proceedings had, there be judgment in favor of your petitioners for the use and benefit of their minor child and against defendant herein in the full sum of $10,000 and for the costs of this suit."

An exception of no cause of action was sustained below and plaintiffs' suit dismissed as of nonsuit, for the following reasons:

"It is evident that plaintiffs' counsel, when he drew the petition, did not know whether the party liable in damages was the individual, Brown, or the corporation, the New Orleans Ice Cream Company. Properly analyzed, article 1 of the petition is that either Brown, doing business as the New Orleans Ice Cream Company, or the Ice Cream Company, a corporation, as the court may decide, is indebted to plaintiffs, and, in order to enable the court to decide that question, plaintiffs did not hesitate to aver further, under oath, that the automobile which caused the damage was owned by both Brown and the corporation and was operated by their agent, and plaintiffs pray for judgment against them jointly.

"Pleading of that character cannot be countenanced by the court. A plaintiff must designate the defendant with certainty; he cannot say that defendant is A. or Z., and that if he is not A. he must be Z., or vice versa."

But evidently the sum and substance of the petition is that the plaintiffs do not know whether the New Orleans Ice Cream Company is incorporated or is a mere trade-name for Brown individually, and that in the one event plaintiffs want judgment against the company, and in the other event plaintiffs want judgment against Brown. This form of pleading cannot cause any embarrassment to either Brown or the company, and hence there can be no good reason for objecting to it.

The judgment appealed from is therefore set aside, the exception of no cause of action is overruled, and the case is remanded for trial; defendant to pay the costs of this appeal.